IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                  ORDER

    v.                             00-cr-119-wmc-1

Ralph A. Hernandez

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ralph A. Hernandez' supervised release was held on July 20, 2012, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Meredith P. Duchemin. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U. S. Probation Officer Traci L. Jacobs.

FACTS

From the record, I make the following findings of fact.

Defendant was sentenced in the Western District of Wisconsin on May 14, 2001, following his conviction on Count 1 for possession of a firearm with an altered serial number, in violation of 18 U.S.C. § 922(k). This offense is a Class D felony. He was also convicted on Count 3 for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months on Count 1 and 120 months on Count 3, with a 36-month concurrent term of supervised release to follow on each count.

Defendant began his term of supervised release on February 8, 2012.

Defendant violated Standard Condition No. 7 prohibiting the purchase, possession, use, distribution, or administration of any narcotic or other controlled substance as evidenced by his admission on June 30, 2012, that he had been smoking heroin on a weekly basis. This admission is supported by sweat patch results from patches removed on March 21, April 24, May 22, June 1, and June 15, 2012, that tested positive for opiates. Further, the sweat patch collected from him on June 15, 2012, tested positive for marijuana.

Defendant also violated Special Condition No. 3 requiring him to abstain from the use of alcohol when on May 24, 2012, he consumed alcohol.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervision upon a finding of a Grade C violation. However, 18 U.S.C. § 3583(g)(4), requires mandatory revocation if a defendant tests positive for illegal controlled substances more than three times over the course of one year, unless available treatment programming, or the defendant's current or past participation in treatment, warrants an exception.

CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 36-month term of supervised release imposed on May 14, 2001, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of 8 to 14

2

months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for his violations, provide a deterrent for future behavior, and provide him an opportunity to address his treatment needs in a structured setting during a second term of supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 14, 2001, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 60 days. A 23-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following conditions:

>   Special Condition No. 5:   "Spend up to 60 days in a residential reentry center, as approved by the supervising U.S. probation officer. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."
>
>   Special Condition No. 6:   "Defendant shall participate in the Court Intervention Program which will involve informal contact with the

3

Court, Federal Defender's Office, and U.S. Attorney's Office through teleconference, video conference, or face to face meetings as approved by the supervising U.S. probation officer."

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 20th day of July 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
U.S. District Judge

4